# In the United States Court of Federal Claims

No. 17-1662C

(E-Filed: January 19, 2018)

|  |  |
|---|---|
| ZEIDMAN TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) | Application for Access to Protected Material; RCFC, App. C, ¶ 18. |

<u>Elizabeth Pipkin</u>, San Jose, CA, for plaintiff.  <u>James Giachetti</u>, San Jose, CA, of counsel.

<u>Erin K. Murdock-Park</u>, Trial Attorney, with whom were <u>Chad A. Readler</u>, Acting Assistant Attorney General, <u>Robert E. Kirschman, Jr.</u>, Director, and <u>Claudia Burke</u>, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.  <u>Christopher S. Cole</u>, United States Air Force, Joint Base Andrews, MD, of counsel.

## OPINION AND ORDER

CAMPBELL-SMITH, Judge.

On December 13, 2017, plaintiff filed an application for access to protected material on behalf of Mr. Robert Zeidman, ECF No. 17.  On December 14, 2017, defendant filed the government's opposition to Mr. Zeidman's application, ECF No. 17.  On December 15, 2017, the court issued an order deeming defendant's opposition to be a motion to deny Mr. Zeidman's application; in that order, the court set forth a briefing schedule for defendant's motion to deny access.  See Order, ECF No. 19.  At the end of briefing, the court directed plaintiff to file a sur-reply.[1]  See Order, ECF No. 33.  The

---

[1]  Plaintiff filed two documents purporting to be its sur-reply.  See ECF No. 37 and ECF No. 38.  The documents appear to be identical, but are docketed differently, i.e., ECF No. 37 is docketed as a sur-reply to docket no. 19, scheduling order; whereas ECF

matter is fully briefed and ripe for a decision by the court.  For the following reasons, Mr. Zeidman's application and defendant's motion to deny are **GRANTED in part**, and **DENIED in part**.

I.	Background

Following agreement between the parties as to its terms, see ECF No. 11, the court entered a protective order in this case on December 8, 2017, acknowledging the sensitive nature of the information involved here, see ECF No. 13 at 1 ("The court finds that certain information likely to be disclosed orally or in writing during the course of this litigation may be competition-sensitive or otherwise protectable and that entry of a Protective Order is necessary to safeguard the confidentiality of that information.").

Thereafter, plaintiff requested that Mr. Robert Zeidman, the principal of Zeidman Technologies, Inc., be permitted to access to all protected material involved in this case. See Application for Access, ECF No. 17.  Defendant opposes plaintiff's request on the bases that Mr. Zeidman's application is deficient in a number of respects, see ECF No. 18 at 7-10, and that he is a competitive-decision maker who "was intimately involved with [plaintiff's] proposal, its protest, and later attempts to seek further information about the award outside the context of litigation," id. at 2.  Plaintiff responds that Mr. Zeidman has complied with the application requirements, see ECF No. 30 at 14-15, and that informed consultation with Mr. Zeidman is necessary to its case because he is "an expert witness with specialized knowledge about the technology at issue in this protest," and his involvement "is essential to Plaintiff's full and fair resolution of this matter," id. at 4.

Defendant's opposition to Mr. Zeidman's access was filed prior to the filing of the administrative record.  See ECF No. 18 (opposition to Mr. Zeidman's access, filed on December 14, 2017); ECF No. 20 (administrative record, filed on December 20, 2017). As such, it did not contain citations to specific pages to which it argued Mr. Zeidman should not have access.  In its reply brief, however, defendant identified the relevant pages of the administrative record that contain competitive-sensitive information to which Mr. Zeidman should not be granted access, as follows:  AR 435-651; AR 679-848; AR 867-886; AR 962-973; and AR 1202-1208.  See ECF No. 32 at 13.  In its sur-reply, plaintiff offered no response to defendant's more tailored request.  See generally ECF No. 38.

II.	Legal Standards

---

No. 38 is properly docketed as a sur-reply to docket no. 17, application for access.  As such, the court will treat ECF No. 38 as plaintiff's sur-reply and direct the clerk's office to **STRIKE** ECF No. 37 as a duplicate filing.

Pursuant to Appendix C to the Rules of the Court of Federal Claims (RCFC), "[e]ach party seeking access to protected information on behalf of an individual must file with the court an appropriate 'Application for Access to Information Under Protective Order.'" RCFC, App. C, ¶ 18(a). The appropriate form in this instance is Form 10, entitled "Application for Access to Information Under Protective Order by Expert Consultant or Witness," which requires a number of pertinent representations by the applicant. See RCFC, App. of Forms, Form 10. When necessary, "the application may . . . be amended by the court in response to individual case needs." See RCFC, App. C, ¶ 18(a) (emphasis added).

When considering whether access to protected material is appropriate, the court considers: "the nature and sensitivity of the information at issue, the party's need for access to the information in order to effectively represent its position, the overall number of applications received, and any other concerns that [might] affect the risk of inadvertent disclosure." RCFC, App. C, ¶ 18(c). The Federal Circuit has recognized that protected information is made particularly vulnerable when accessed by individuals involved with competitive-decision making. See U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468 (Fed. Cir. 1984). Competitive-decision making involves "advice and participation in any or all of the [company's] decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." See id. at 1468 n.3. The court has allowed access to such individuals, however, when the relevant company is defunct. See Standard Space Platforms Corp. v. United States, 35 Fed. Cl. 505, 508-510 (1996) (holding that access would be harmless because the relevant company was defunct and the individual at issue had changed professions).

III. Analysis

As noted above, the parties agree that the information involved in this case is sensitive. See ECF No. 11 at 1. Neither party has expressed concerns, nor does the court, with regard to the number of applications for access that have been submitted. The court's analysis, then, focuses on whether plaintiff filed the appropriate form requesting access, see RCFC, App. C, ¶ 18(a), and plaintiff's "need for [Mr. Zeidman's] access to the information in order to effectively represent its position," along with "any other concerns that [might] affect the risk of inadvertent disclosure," RCFC, App. C, ¶ 18(c).

    A.    Mr. Zeidman's Application Does Not Comply with Form 10

Of the deficiencies in Mr. Zeidman's application identified by defendant, the court finds two particularly troubling. First, RCFC Form 10 requires an applicant for access to protected material to certify as follows:

> I am not involved in competitive decision making as discussed in U.S. Steel Corp. v. United States, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of

3

any party to this proceeding or any other firm that might gain a competitive advantage from access to the information disclosed under the protective order. Neither I nor my employer provides advice or participates in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means, for example, that neither I nor my employer provides advice concerning, or participates in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

RCFC Form 10, ¶ 3. Mr. Zeidman's application entirely omits these statements. See ECF No. 17. In response to defendant's opposition to Mr. Zeidman's application, plaintiff argues that its omission "does not provide grounds for outright denial of his application," because the "contents of the form used for admission under protective order may be modified, and access to protected information may be granted, in response to individual case needs." ECF No. 30 at 14-15 (citing RCFC App. C, ¶ 18(a)). Plaintiff fails to acknowledge that although the required certifications may indeed be modified, any modification must be made "by the court," not by the party requesting access. RCFC App. C, ¶ 18(a). In this instance, plaintiff modified RCFC Form 10 without consultation with, much less permission from, the court. As the court's rules make clear, plaintiff is not at liberty to determine which certifications are appropriate.

Notwithstanding its initial attempt to unilaterally modify the form of Mr. Zeidman's application, plaintiff now asserts that the court should not require the preceding certification because no competitive advantage will result from Mr. Zeidman's access to protected material. Plaintiff argues that "[h]ere, [plaintiff] is no longer functioning," and that "Mr. Zeidman is not involved in technological development." See ECF No. 30 at 15. Yet, in the declaration attached to plaintiff's sur-reply, Mr. Zeidman makes what appear to be conflicting statements on this point. He first states that "Zeidman Technologies, Inc. operates in the market of development software for the Internet of Things (IoT)." See Declaration, ECF No. 38-1 at 1. He then states that "[t]he status of Zeidman Technologies, Inc. is inactive. The company exists as a legal entity, but there are no sales and development." Id. If both of these statements are true, it is unclear how plaintiff "operates." This potential contradiction is further complicated by the fact that plaintiff requested injunctive relief in its complaint. See ECF No. 1 at 6-7. The complaint does not precisely define the scope of the injunctive relief sought, but a request for injunctive relief is typically at odds with the interests of a truly defunct company.

In addition, Mr. Zeidman apparently remains active in the patent space. He stated in the materials attached to his application that he has three patent applications currently pending before the United States Patent and Trademark Office. See ECF No. 17 at 31.

4

He also represents that the pending patent applications "are in technology fields unrelated to this action," but offers no support for that claim.  ECF No. 38-1 at 2.  As such, the certifications of Mr. Zeidman's interests, as stated in RCFC Form 10, ¶ 3, are not superfluous to the court's determination of whether he should be permitted access to protected material.  See e.g., Ross-Hime Designs, Inc. v. United States, 109 Fed. Cl. 725, 743 (2013) (denying plaintiff's principal access to protected material because he was still involved with the subject business and was actively pursuing patents).

Second, RCFC Form 10 requires an applicant for access to protected material to certify that:

> My professional relationship with the party for whom I am retained in this proceeding and its personnel is strictly as a consultant on issues relevant to the proceeding. Neither I nor any member of my immediate family holds office or a management position in any company that is a party in this proceeding or in any competitor or potential competitor of a party.

RCFC Form 10, ¶ 4.  Again, Mr. Zeidman's application entirely omits this statement.  See ECF No. 17.  In the complaint, plaintiff identifies Mr. Zeidman as the company's founder, CEO, and president.  See ECF No. 1 at 1, 4.  Mr. Zeidman clearly holds a management position with plaintiff, which is specifically restricted by the court's form.  Plaintiff does not address this deficiency in either its response to defendant's objection, ECF No. 30, or in its sur-reply, ECF No. 38.  The court will not modify or waive this certification without a specific and persuasive reason.

      B.     Plaintiff Has Not Demonstrated that Mr. Zeidman's Access to Protected Material Is Essential to Its Case

Despite the sensitivity of the information at issue, plaintiff contends that the court should permit access because Mr. Zeidman's expertise is essential to plaintiff's effective prosecution of its case.  See ECF No. 30 at 4.  Plaintiff makes much of Mr. Zeidman's status as the pre-eminent expert with regard to the technology at issue in the subject procurement.  See e.g., id. at 8 (stating that "Mr. Zeidman is the leading, if not the only expert in the world in Zeidman's patented SynthOS technology," and that "Mr. Zeidman is singularly situated to conduct a review of the information in the administrative record to assist Plaintiff in effectively representing its positions").  The court has no reason to doubt Mr. Zeidman's knowledge and expertise, but it is not apparent to the court either that such expertise is critical to this case, or that Mr. Zeidman would be unable to sufficiently explain the technology at issue without unrestricted access to protected information.

The crux of plaintiff's complaint is that the agency considered unstated criteria in making its award decision, and failed to evaluate plaintiff's proposal.  See ECF No. 1 at 6

("Defendant relied on unstated criteria in its evaluation, and ignored the evidence before them [sic] demonstrating Zeidman Technologies' obvious qualification for the solicitation."). Plaintiff does not necessarily need to conduct an expert evaluation of all competing proposals in order to challenge the alleged errors in the procurement process. After all, when evaluating a bid protest, the court's review is highly deferential to the agency's award decision. See Advanced Data Concepts, Inc. v. United States, 216 F.3d 1054, 1058 (Fed. Cir. 2000) (citing Bowman Transp., Inc. v. Ark.–Best Freight Sys., Inc., 419 U.S. 281, 285 (1974)). The court looks only to whether the decision had a rational basis and considered relevant factors. See id. It "may not substitute its judgment for that of the agency." Matt Martin Real Estate Mgmt, LLC v. United States, 96 Fed. Cl. 106, 112 (2010) (citing Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)).

Moreover, in its reply brief, defendant tailored its request to restrict Mr. Zeidman's access to certain pages of the administrative record, as follows: AR 435-651; AR 679-848; AR 867-886; AR 962-973; and, AR 1202-1208. See ECF No. 32 at 12-13. According to defendant, these are the pages that contain competition-sensitive information relating to the proposals of plaintiff's competitors. See id. Despite being given the opportunity to respond by way of a sur-reply, plaintiff did not address defendant's attempt to narrow the scope of its opposition, nor did it make any argument that defendant's modified request is unreasonable.

For the foregoing reasons, the court finds that significant issues with regard to the propriety of Mr. Zeidman's access remain unresolved, and that plaintiff has failed to establish that Mr. Zeidman's unrestricted access to protected material is necessary to its case.

## IV.   Conclusion

In view of defendant's modified request for restrictions on Mr. Zeidman's access, the court hereby **GRANTS in part** and **DENIES in part**, Mr. Zeidman's application for access to protected material, ECF No. 17, as well as defendant's motion to deny Mr. Zeidman's application, ECF No. 18, as follows:

(1) Mr. Zeidman's application for access to protected material, ECF No. 17, is hereby **DENIED in part**, as to access to certain pages set forth in defendant's modified request which are specifically identified below, and is otherwise **GRANTED**; and

(2) Defendant's motion to deny Mr. Zeidman's application, ECF No. 18, is hereby **GRANTED in part**, so that Mr. Ziedman shall have limited access to the administrative record and is otherwise **DENIED**. The following pages of the administrative record remain under seal and are

**RESTRICTED** from Mr. Zeidman's view:  AR 435-651; AR 679-848; AR 867-886; AR 962-973; and, AR 1202-1208.

On or before **January 23, 2018**, defendant shall **FILE** a **redacted version of the administrative record under seal** on the docket in this matter which shall meet the requirements set forth herein to allow plaintiff's counsel to provide this redacted version to Mr. Zeidman for review.

In addition, if plaintiff finds that the presentation of its case requires that Mr. Zeidman review any of the documents now restricted from his view, plaintiff shall **CONFER** with defendant as to those specific document pages of the administrative record, and the parties shall endeavor to agree upon mutually acceptable terms of such access, whether through selective redaction or other means.  If such an agreement is reached, the parties shall **FILE** with the court a consent motion to modify the scope of Mr. Zeidman's access.

The clerk's office is directed to **STRIKE** plaintiff's sur-reply, ECF No. 37, as a duplicative filing.

IT IS SO ORDERED.

                                              s/Patricia Campbell-Smith
                                              PATRICIA CAMPBELL-SMITH
                                              Judge