# In the United States Court of Federal Claims

No. 17-1662C

(E-Filed: February 11, 2019)[1]

|  |  |  |
|---|---|---|
| ZEIDMAN TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Violation of Protective Order; |
| | ) | Sanctions; RCFC 16(f). |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Elizabeth Pipkin, San Jose, CA, for plaintiff.  James Giachetti, of counsel.

Erin K. Murdock-Park, Trial Attorney, with whom were Joseph H. Hunt, Assistant
Attorney General, Robert E. Kirschman, Jr., Director, and Claudia Burke, Assistant
Director, Commercial Litigation Branch, Civil Division, United States Department of
Justice, Washington, DC, for defendant.  Christopher S. Cole, United States Air Force,
Commercial Law & Litigation Directorate, Joint Base Andrews, MD, of counsel.

## OPINION AND ORDER

CAMPBELL-SMITH, Judge.

---

[1]     This opinion was issued under seal on January 15, 2019.  The parties were invited
to identify any competition-sensitive or otherwise protectable information subject to
redaction.  Defendant proposed no redactions.  ECF No. 98 at 1 (joint status report
addressing redactions).  Plaintiff asked the court to maintain the entire opinion under seal,
or in the alternative, to redact Mr. Zeidman's name.  Id. at 2.  In making this request,
plaintiff argues that "no public purpose is served by unsealing the order."  Id.  The court
disagrees.  And because neither party has identified any competition-sensitive or
otherwise protectable information, the sealed and public versions of this opinion are
identical, except for the publication date and this footnote.

Plaintiff filed the instant bid protest on November 2, 2017, <u>see</u> ECF No. 1, and the court entered a protective order with agreement of the parties on December 8, 2017, <u>see</u> ECF No. 13. Defendant now contends that plaintiff has violated the protective order. <u>See</u> ECF No. 54. In evaluating defendant's allegations, the court has considered the following submissions: (1) Mr. Robert Zeidman's application for access to protected material, ECF No. 17; (2) defendant's opposition deemed a motion to deny Mr. Zeidman's application for access to protected material, ECF No. 18; (3) plaintiff's response to defendant's motion, ECF No. 30; (4) defendant's reply in support of its motion, ECF No. 32; (5) plaintiff's sur-reply to defendant's motion, ECF No. 38; (6) the court's January 19, 2018 opinion and order granting in part and denying in part Mr. Zeidman's application for access and defendant's motion to deny Mr. Zeidman's access, ECF No. 41; (7) the redacted administrative record for Mr. Zeidman's review, ECF No. 42; (8) plaintiff's motion to unseal the declaration of Mr. David Shahady, ECF No. 53; (9) defendant's response to plaintiff's motion to unseal, and request for a status conference "to Address Potential Protective Order Violations," ECF No. 54; (10) the transcript of the status conference held on March 27, 2018, to address allegations that plaintiff violated the protective order, ECF No. 58; (11) the corrected redacted administrative record for Mr. Zeidman's review, ECF No. 67; (12) plaintiff's notice attaching the documents disclosed to Mr. Zeidman, ECF No. 89; (13) defendant's response to plaintiff's notice, ECF No. 90; and (14) plaintiff's reply in support of its notice, ECF No. 93.

For the following reasons, the court finds that plaintiff has violated both the protective order and the court's order outlining the parameters of Mr. Zeidman's access to protected material. Therefore, sanctions are warranted.

I.      Background

The protective order entered in this matter conforms to the standard order included in the Appendix of Forms to the Rules of the United States Court of Federal Claims (RCFC). <u>See</u> ECF No. 13; RCFC, App. of Forms, Form 8. The order both defines the term "protected information" and designates the individuals who are permitted to review such information. <u>See</u> ECF No. 13 at 1-2. In accord with the requirements of the protective order, plaintiff filed an application for access to protected material on behalf of Mr. Zeidman. <u>See</u> ECF No. 17. Defendant filed an opposition to the request, ECF No. 18, which the court deemed a motion to deny Mr. Zeidman's application for access to protected material. <u>See</u> ECF No. 19 (court's order deeming opposition to be a motion to deny). The court then directed plaintiff to file a response to defendant's motion to deny, and directed defendant to file a reply in support thereof. <u>See</u> <u>id.</u> The court later granted plaintiff leave to file a sur-reply. <u>See</u> ECF No. 33.

In its response to defendant's motion, plaintiff clearly stated that the purpose of Mr. Zeidman's access was to allow him to act as an expert witness in the litigation with

regard to the technology at issue in this case.  To explain his proposed role, plaintiff cites to Mr. Zeidman's application for access, which states that:

> he will "serve in this proceeding as an expert witness on issues relevant to the proceeding.  As a technical expert, [his] review of the information in this proceeding will greatly assist Plaintiff's counsel's understanding of technological information related to this particular matter.  Access to information under protective order is essential for [him] to fully explain the complex technological information involved in this action. Zeidman Technologies, Inc. will be impaired in preparing and presenting its arguments in this action, absent [his] review of the contents of the administrative record."

ECF No. 30 at 6 (quoting Mr. Zeidman's application for access, ECF No. 17 at 1). Plaintiff represented that it "will only be able to effectively litigate this action if Mr. Zeidman is able to review the information contained within the administrative record." Id. at 8.

As part of its argument, plaintiff made a number of additional statements confirming that Mr. Zeidman's real interest was in gaining access to the administrative record.  For example:  (1) "Defendant has not made a particularized showing that the information contained within the administrative record is confidential business information," id. at 13; (2) "[D]efendant has neither shown whether the information contained within the administrative record is confidential, nor explained how that information could be used by Zeidman to the competitive disadvantage of those companies," id. at 16; and (3) "Access to the administrative record will not provide Mr. Zeidman 'and his company, the exact type of competitive advantage that the protective order seeks to prevent,'" id. at 16-17.

Plaintiff made a series of similar statements in its sur-reply:  (1) "Mr. Zeidman's review of the administrative record is essential for plaintiff to adequately present its case," ECF No. 38 at 1; (2) "[P]laintiff's expert will be unable to assist in this matter if not provided the opportunity to review the entirety of the administrative record, and make findings based upon all of the information related to this case," id. at 4; and (3) "Plaintiff will only be able to effectively present its case through his review of the administrative record," id at 5.

In its reply brief, although defendant maintained its general objection to Mr. Zeidman's access, it identified specific pages of the administrative record which defendant regards as containing particularly competition-sensitive information.  See ECF No. 32 at 13-14.

3

After considering the parties' briefs, on January 19, 2018, the court issued an opinion and order granting in part and denying in part both Mr. Zeidman's application for access to the administrative record and defendant's motion to deny such access.  See ECF No. 41.  Therein, the court stated, as follows:

> (1)    Mr. Zeidman's application for access to protected material, ECF No. 17, is hereby **DENIED in part**, as to access to certain pages set forth in defendant's modified request which are specifically identified below, and is otherwise **GRANTED**; and
>
> (2)    Defendant's motion to deny Mr. Zeidman's application, ECF No. 18, is hereby **GRANTED in part**, so that Mr. Z[ei]dman shall have limited access to the administrative record and is otherwise **DENIED**. The following pages of the administrative record remain under seal and are **RESTRICTED** from Mr. Zeidman's view:  AR 435-651; AR 679-848; AR 867-886; AR 962-973; and, AR 1202-1208.
>
> On or before **January 23, 2018**, defendant shall **FILE** a **redacted version of the administrative record under seal** on the docket in this matter which shall meet the requirements set forth herein to allow plaintiff's counsel to provide this redacted version to Mr. Zeidman for review.
>
> In addition, if plaintiff finds that the presentation of its case requires that Mr. Zeidman review any of the documents now restricted from his view, plaintiff shall **CONFER** with defendant as to those specific document pages of the administrative record, and the parties shall endeavor to agree upon mutually acceptable terms of such access, whether through selective redaction or other means.  If such an agreement is reached, the parties shall **FILE** with the court a consent motion to modify the scope of Mr. Zeidman's access.

Id. at 6-7.  On January 22, 2018, defendant filed under seal—for Mr. Zeidman's review— a redacted version of the administrative record, ECF No. 42, which was later superseded by a corrected redacted administrative record, ECF No. 67.

The parties proceeded to address the merits of the case after the court's ruling.  In the course of so doing, plaintiff filed a motion to unseal the declaration of Mr. David Shahady, which had been filed as an attachment to defendant's motion to supplement the administrative record, ECF No. 21.  See ECF No. 53.  In response, defendant filed a document titled "Defendant's Opposition to Plaintiff's Motion to Unseal Document, and Request for a Telephonic Conference to Address Potential Protective Order Violations." ECF No. 54.  Defendant requested the telephonic conference because "[i]n Zeidman's attempt to improperly use this protest as a public records request, it appears

that Zeidman's counsel may have shared the declaration or its contents with Mr.
Zeidman—a violation of both the language and the spirit of the protective order, as well
as of this Court's January 1[9], 2018 order." Id. at 9.

On March 27, 2018, the court convened a status conference after learning of these
serious allegations.  See ECF No. 55 (electronic digital recording).  Plaintiff's counsel
failed to allay the court's concerns at the status conference, claiming that providing
fulsome responses to the court's inquiry would require the disclosure of privileged
information.  In order to preserve any potentially applicable privilege, the court directed
plaintiff's counsel to submit the answers to specific questions for in camera review.  See
ECF No. 56 at 1 (order).

Plaintiff's counsel submitted her answers to chambers on April 13, 2018.  See
ECF No. 70 (notice of compliance).  The court then stayed the case so that it could
address additional concerns raised by plaintiff's submission.  See ECF No. 74 (order).
With notice to defendant's counsel, the court conducted an ex parte conference with
plaintiff's counsel on August 9, 2018.  See ECF No. 75.  Thereafter, the court directed
plaintiff's counsel to "**FILE** a **notice** with the court attaching as exhibits the following
documents on or before **August 23, 2018**:  (1) appropriately redacted versions of the two
declarations Ms. Elizabeth Pipkin has previously submitted to the court;[ ] and (2) a copy
of each document that was disclosed to Mr. Zeidman, in the form in which it was
provided to him."  ECF No. 76 at 1.

Before plaintiff's counsel complied with this order, Mr. Zeidman made several
unsuccessful attempts to insert himself further into this litigation.  See ECF No. 77
(motion to intervene); ECF No. 82 (order denying); ECF No. 83 (motion to allow
additional counsel to appear); and, ECF No. 86 (order denying).  Plaintiff's counsel filed
the requested notice of compliance and attachments on October 26, 2018.  See ECF No.
89.  After reviewing plaintiff's counsel's disclosures to Mr. Zeidman, defendant filed a
response in which it reasserts its contention that the disclosures violated the protective
order.  See ECF No. 90.  And finally, plaintiff filed a reply countering defendant's
argument.  See ECF No. 93.

II.   Legal Standards

In the rules of this court, Rule 16 outlines the court's authority to impose sanctions
for the violation of pre-trial orders.

(f) Sanctions.

(1) In General.  On motion or on its own, the court may issue any just
orders, . . . if a party or its attorney:

5

. . .

(C) fails to obey a scheduling or other pretrial order.

. . .

(3) Imposing Fees and Costs.  Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

RCFC 16(f).  "Protective orders are included among the pre-trial orders addressed by RCFC 16."  Pyramid Real Estate Servs., LLC v. United States, 95 Fed. Cl. 613, 617 (2010) (citing Pac. Gas & Elec. Co. v. United States, 82 Fed. Cl. 474, 482-83 (2008)).

Although the court also has the inherent authority to sanction a party for willfully disobeying a court order, "[w]here a court is able properly to sanction conduct under a statute or the RCFC, it will not ordinarily utilize its inherent authority to sanction parties, although it is not forbidden from doing so."  Pyramid, 95 Fed. Cl. at 623 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991)).  Rule 16(f) provides an appropriate avenue for addressing the conduct presently at issue, and the court will proceed accordingly.

III.   Analysis

A.   The Court's Ordering Language Restricting Mr. Zeidman's Access

The parties' present conflict stems from differing interpretations of the order entered by the court in ruling on plaintiff's application for Mr. Zeidman's access to protected material, and defendant's motion to deny such access.  See ECF No. 41.  As noted above, in making its ruling, the court stated:

(1)   Mr. Zeidman's application for access to protected material, ECF No. 17, is hereby **DENIED in part**, as to access to certain pages set forth in defendant's modified request which are specifically identified below, and is otherwise **GRANTED**; and

(2)   Defendant's motion to deny Mr. Zeidman's application, ECF No. 18, is hereby **GRANTED in part**, so that Mr. Z[ei]dman shall have limited access to the administrative record and is otherwise **DENIED**. The following pages of the administrative record remain under seal

and are **RESTRICTED** from Mr. Zeidman's view:  AR 435-651; AR 679-848; AR 867-886; AR 962-973; and, AR 1202-1208.

On or before **January 23, 2018**, defendant shall **FILE** a **redacted version of the administrative record under seal** on the docket in this matter which shall meet the requirements set forth herein to allow plaintiff's counsel to provide this redacted version to Mr. Zeidman for review.

In addition, if plaintiff finds that the presentation of its case requires that Mr. Zeidman review any of the documents now restricted from his view, plaintiff shall **CONFER** with defendant as to those specific document pages of the administrative record, and the parties shall endeavor to agree upon mutually acceptable terms of such access, whether through selective redaction or other means.  If such an agreement is reached, the parties shall **FILE** with the court a consent motion to modify the scope of Mr. Zeidman's access.

Id. at 6-7.

There is no dispute that the information presently at issue qualifies as protected. See ECF No. 89 at 5 (plaintiff's counsel's declaration, acknowledging that "[c]ourt orders, the administrative record, motions, briefs, and transcriptions of Court hearings have all been filed subject to the Protective Order").  According to plaintiff, the effect of the court's ordering language was to allow Mr. Zeidman access to all protected material in the case except the specifically restricted pages of the administrative record.  See ECF No. 93 at 8.  According to defendant, however, the effect of the ordering language was more restrictive, allowing Mr. Zeidman access to only the redacted administrative record. See ECF No. 90 at 14.

Defendant's interpretation correctly reflects the court's intent in drafting the order, and the disclosure to Mr. Zeidman of any protected material beyond the corrected redacted administrative record, ECF No. 67, is a violation of this order and the protective order limiting the dissemination of such information.  The court's intention is further evidenced by several statements made at the March 27, 2018 status conference with the parties.  During the conference, the court confirmed that because Mr. Zeidman

has not made some of the representations [in his application for access] that were necessary for full access to the protective order, we've allowed limited access, which was intended to strike the balance between not giving him an unfair competitive advantage in this particular litigation while affording him the opportunity to function as the described expert that counsel and he have indicated that he is. . . . [W]hat he should not be seeing is the wealth of all of the documents that counsel is seeing that have some protection and that extend[ ] beyond just the competition-sensitive information.

7

ECF No. 58 at 9 (transcript of status conference) (emphasis added).[2]  And as defendant explained, its reading of the court's order is more logical than plaintiff's "because many of the filings marked protected and filed under seal discuss and cite the very record documents that Mr. Zeidman is not permitted to view."  ECF No. 90 at 13.  The court's task, however, is to determine whether plaintiff's reading of the order was substantially justified such that it should avoid sanctions for the violations.

In allowing Mr. Zeidman access to a redacted version of the administrative record, the court attempted to find a compromise between the parties' positions.  Thus, a reasonable attempt to resolve any ambiguity in the court's ordering language must begin with an understanding of the positions that had been staked out by the parties in the relevant briefing.  For its part, plaintiff repeatedly made clear that Mr. Zeidman's real interest was in reviewing the administrative record so that he could offer explanations of the technical material included therein.  See, e.g., ECF No. 30 at 6 (stating Mr. Zeidman's need for access to allow him to "fully explain the complex technological information involved in this action"); id. at 8 (stating that plaintiff "will only be able to effectively litigate this action if Mr. Zeidman is able to review the information contained within the administrative record"); id. at 16-17 ("Access to the administrative record will not provide Mr. Zeidman 'and his company the exact type of competitive advantage that the protective order seeks to prevent.'"); ECF No. 38 at 4 (claiming that Mr. Zeidman "will be unable to assist in this matter if not provided the opportunity to review the entirety of the administrative record, and make findings based upon all of the information related to this case"); and id. at 5 (arguing that "[p]laintiff will only be able to effectively present its case through his review of the administrative record").  In its response, defendant objected to allowing Mr. Zeidman any access, but identified particularly sensitive sections of the administrative record.  See ECF No. 32 at 13-14.

The court decided to allow Mr. Zeidman access to as much of the administrative record as possible, without endangering the competition-sensitive information as identified by defendant, in an attempt to balance the parties' stated interests.  The court understands the ambiguity that plaintiff seeks to exploit in justifying its disclosures to Mr. Zeidman—the court's language could have been more precise.  But in the court's view, plaintiff's interpretation of the order is unreasonable.  The background of the dispute demonstrates that plaintiff's goal in seeking Mr. Zeidman's admission under the protective order was to allow him access to the administrative record, purportedly so that

---

[2]     The status conference occurred after the alleged violations, and therefore, the court's effort to clarify any confusion in its previous order, ECF No. 41, did not affect plaintiff's counsel's decision to disclose documents to Mr. Zeidman.  It should, however, have informed plaintiff's present position on whether it violated the protective order or the court's order restricting Mr. Zeidman's access.

he could explain to plaintiff's counsel the technology at issue. This fact should have informed plaintiff's counsel's resolution of any perceived ambiguity in the court's ordering language. Alternatively, plaintiff's counsel could have sought clarity from the court.

      B.      Plaintiff Violated the Protective Order and the Court's Order Restricting Mr. Zeidman's Access

Even if the court were to accept plaintiff's reading of its order, the disclosures to Mr. Zeidman were inappropriate. Plaintiff's counsel represents to the court that she disclosed the following documents to Mr. Zeidman, in addition to the redacted administrative record: (1) defendant's motion to dismiss or, in the alternative, cross-motion for judgment on the administrative record, ECF No. 51, redacted in part by plaintiff's counsel; (2) defendant's motion to correct the administrative record, ECF No. 46, and the supporting declaration, which included the proposed corrected pages of the record, ECF No. 46-1; and (3) plaintiff's motion to unseal the declaration of David Shahady, ECF No. 53, which contained summaries of defendant's motion to supplement the administrative record, ECF No. 21, and the supporting declarations, ECF Nos. 21-1, 21-2. See ECF No. 89 at 7. Each of these docket entries is under seal and designated as containing protected information. Defendant's motion for judgment on the administrative record, ECF No. 51, is still pending before the court. Both defendant's motion to correct the administrative record, ECF No. 46, and plaintiff's motion to unseal the declaration of David Shahady, ECF No. 53, were pending on March 27, 2018, the date on which the court convened a status conference to discuss plaintiff's improper disclosures. See ECF No. 63 (Seven days after the parties' conference call with the court, on April 3, 2018, the court issued an order granting the motion to correct the administrative record and denying the motion to unseal Mr. Shahady's declaration.).

As to the first document, defendant's motion to dismiss or for judgment on the administrative record, by its nature, contains protected information that is part of the administrative record. It is presumptuous in the extreme for plaintiff's counsel, knowing that Mr. Zeidman is restricted from reviewing information in portions of the administrative record, to take it upon herself to determine what sections of that document should be redacted. Plaintiff's counsel argues that she "redact[ed] the document for Mr. Zeidman's view out of an abundance of caution so as to avoid any risk that Mr. Zeidman receive competition-sensitive information from the administrative record that was discussed in the document." ECF No. 93 at 14. In its response, defendant notes a number of deficiencies in her effort. See ECF No. 90 at 20. The court believes that if caution was warranted, so was a conference with defendant's counsel.

The disclosure of the second set of documents, defendant's motion to correct the administrative record, ECF No. 46, and its attachments, ECF No. 46-1, is even more troubling. Defendant filed the motion to correct the record seeking to replace several

pages of the administrative record that were inadvertently produced as a blank form. The completed form was attached as an exhibit to the motion. Plaintiff's counsel knew that both defendant and the court had concerns about Mr. Zeidman's full access to the administrative record, and yet she chose to disclose the proposed corrected pages to Mr. Zeidman without conferring with defendant's counsel and before the court ruled on defendant's motion. There is no reasonable basis for such a disclosure.

The third document, plaintiff's motion to unseal the declaration of Mr. Shahady, contained summaries of defendant's motion to supplement the administrative record, ECF No. 21, and the supporting declarations, ECF Nos. 21-1, 21-2. Like the disclosure of the motion to correct, this third disclosure involved a yet-unresolved request by defendant to add information to the administrative record. And for the same reasons, plaintiff's counsel unreasonably overstepped her bounds by sharing such information with Mr. Zeidman without permission from the court to do so.

Plaintiff complains in its reply brief that the process of investigating defendant's allegations that the protective order had been violated was unfair and has taken too long. See ECF No. 93 at 4. Such commentary from plaintiff demonstrates to the court that plaintiff's counsel does not appreciate either her role in extending the time necessary to investigate defendant's concerns or the import of the manner in which she handled protected information. The court admonishes plaintiff and its counsel to ensure strict adherence, from this point forward, to the protective order and each of the court's orders entered in this case.

C.      Sanctions Are Warranted

In plaintiff's reply brief it states that "[i]f the Court is inclined to consider sanctions, plaintiff and plaintiff's counsel respectfully request notice of the potential order, the opportunity to be heard, and the opportunity to be represented by independent counsel." ECF No. 93 at 18. The court has given plaintiff and plaintiff's counsel numerous opportunities—including in camera review, an ex parte conference, and leave to submit the written argument now before the court—to make the case that they did not violate the protective order or the court's order restricting Mr. Zeidman's access. Neither plaintiff nor plaintiff's counsel can plausibly claim a lack of notice that the court is considering the imposition of sanctions. Furthermore, the court has previously considered, and rejected, a request for additional counsel to appear for plaintiff on this issue. See ECF No. 86 (order finding no conflict of interest that required additional counsel). The court's conclusion that plaintiff's disclosures violated its orders does not create a conflict of interest that would justify a different result.

As this court has previously observed, it "would be remiss were it to allow parties to violate its orders without consequence." Pyramid, 95 Fed. Cl. at 618. Therefore, having found the previously-discussed violations of the protective order and the court's

order restricting Mr. Zeidman's access, the court imposes the following directives and sanctions, without further delay:

(1) Mr. Zeidman's access to the protected material in this case, including the redacted administrative record, is hereby revoked.  Plaintiff's counsel shall ensure that Mr. Zeidman surrenders to counsel, or otherwise irrevocably destroys, all physical copies of any documents in his possession that contain protected information related to this case, and shall ensure the Mr. Zeidman destroys all electronic copies of such documents.  Both plaintiff's counsel and Mr. Zeidman shall file declarations with the court representing that they have complied with this directive;

(2) Mr. Zeidman is admonished that despite the revocation of his access, he continues to be bound by the requirements of the protective order, ECF No. 13, as to his knowledge of any protected information related to this case, and that the disclosure or use of such information for purposes outside of this litigation would amount to a sanctionable violation; and

(3) Plaintiff shall pay all reasonable fees and costs incurred by defendant as a result of the violations detailed herein, including attorneys' fees, as allowed by RCFC 16(f)(3).

It is the court's earnest hope that these sanctions will both rectify the harm done to defendant—in the form of wasted time and money—by plaintiff's violations and prevent any further violations.  Should any additional violations occur, more drastic sanctions, including contempt and dismissal of this action, will be considered.

Defendant includes a litany of potential violations it believes there is reason to investigate in its response to plaintiff's disclosures.  See ECF No. 90 at 23-27.  By this order, the court addresses only those alleged violations that were identified and fully considered by the court and the parties.  The court grants defendant leave, however, to file a motion for additional sanctions if it has a substantive basis for believing such a motion is warranted.

IV.    Conclusion

For the foregoing reasons, the court finds that sanctions against plaintiff, in the form of attorneys' fees and costs, are appropriate.  In addition, Mr. Zeidman's access to all protected information is hereby **REVOKED**.  The court also will give defendant the opportunity to seek additional sanctions if warranted.

Accordingly:

11

(1)     On or before **January 22, 2019**, plaintiff's counsel and Mr. Zeidman shall each **FILE** a **notice** with the court to include their declarations, under penalty of perjury, confirming that Mr. Zeidman has surrendered to counsel or otherwise irrevocably destroyed all physical copies of any documents in his possession that contain protected information related to this case, and that he has destroyed all electronic copies of such documents.  Plaintiff's counsel is prohibited from providing Mr. Zeidman access to any such documents, with the exception of furnishing Mr. Zeidman with a courtesy copy of this order;

(2)     On or before **February 8, 2019**, the parties shall **CONFER** and **FILE** a **Proposed Redacted Version** of this opinion, with any competition-sensitive or otherwise protectable information blacked out;

(3)     On or before **February 22, 2019**, defendant shall **FILE** its **motion for additional sanctions**, if it determines such a motion is warranted;

(4)     Absent filing a motion for additional sanctions, the parties shall **FILE** a **joint status report** on or before **February 22, 2019**, proposing an agreed upon schedule by which defendant will file a notice detailing the fees and costs to which it is entitled according to the terms of this opinion, and any necessary briefing thereon.  In addition, the parties shall indicate in their joint status report whether any revised or supplemental briefing on the merits of this case is warranted; and

(5)     The consideration of all presently pending motions on the docket in this case shall remain **STAYED** until further order of the court.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge